# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**AEROSONIC LLC,**

    **Plaintiff,**

v.                                                    **Case No. 8:25-cv-554-VMC-AAS**

**JOBY AERO, INC.,**

    **Defendant.**
_____/

## ORDER

Defendant Joby Aero, Inc., (Joby) moves for leave to file under seal Joby's Motion to Compel Regarding Trade Secret Identification and Damages (the Motion) and Exhibit 2 to the Motion. (Doc. 92). Plaintiff Aerosonic LLC (Aerosonic) does not oppose the motion. (Doc. 92). The Motion "cites and discusses information that has been marked confidential pursuant to the parties' Confidentiality Agreement." (Doc. 92, ¶ 1).

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."

1

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

(1) whether allowing access would impair court functions or harm legitimate privacy interests;

(2) the degree and likelihood of injury if made public;

(3) the reliability of the information;

(4) whether there will be an opportunity to respond to the information;

(5) whether the information concerns public officials or public concerns; and

(6) the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

Here, the party's interest in keeping the information confidential does not outweigh the common law right of access. The Motion contains information Aerosonic claims is not available to the public and information marked confidential by Aerosonic pursuant to the parties Confidentiality Stipulation. (Doc. 92, ¶ 4). Despite filing the motion to seal, Joby seemingly disagrees that the Motion and Exhibit 2 contain confidential information. *See* Doc. 92, ¶ 2 ("in the interest of the public, [Joby] sought approval to file the Motion unsealed").

Upon review of the motion to seal and the proposed documents to be

sealed, neither Joby nor Aerosonic have demonstrated good cause to seal the documents. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (explaining it "is immaterial" whether the sealing of the record is part of the part of a negotiated agreement between the parties). If the Motion and Exhibit 2 were made public, it is not apparent what harm the parties would suffer. *Cf. Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information about the party's business operations and confidential and competitively sensitive information). Therefore, Joby and Aerosonic have not established that sealing the item is necessary. *See* Local Rule 1.11(b) M.D. Fla.

Accordingly, Joby's motion to file the Motion and Exhibit 2 to the Motion under seal (Doc. 92) is **DENIED** without prejudice.

**ORDERED** in Tampa, Florida, on October 24, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3