UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AEROSONIC LLC,**

    **Plaintiff,**

v.                                       **Case No. 8:25-cv-554-VMC-AAS**

**JOBY AERO, INC.,**

    **Defendant.**
_____/

## ORDER

    Defendant Joby Aero, Inc., ("Joby") moves for leave to file under seal its Motion for Protective Order Regarding Belatedly Disclosed Alleged Trade Secrets and Exhibits 1–4 to the motion (the Motion). (Doc. 111). According to Joby, Plaintiff Aerosonic LLC (Aerosonic) refused to respond to Joby's attempt to confirm Aerosonic did not oppose the motion, and the Motion should be filed under seal pursuant to the parties Confidentially Stipulation. (Doc. 111, p. 5).

    It is "immaterial" whether the sealing of the record is part of a negotiated agreement between the parties. *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may

1

be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

(1) whether allowing access would impair court functions or harm legitimate privacy interests;

(2) the degree and likelihood of injury if made public;

(3) the reliability of the information;

(4) whether there will be an opportunity to respond to the information;

(5) whether the information concerns public officials or public concerns; and

(6) the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

Here, the party's interest in keeping the information confidential outweighs the common law right of access. The Motion reveals Aerosonic's proprietary information and allegedly misappropriated trade secrets that are confidential and proprietary. The exhibits are necessary because they provide context for the discovery disputes at issue relating to the allegedly

misappropriated trade secrets and confidential information. (Doc 111). If the Motion were made public, there is a high degree and likelihood of injury. Further, the trade secrets are not of public concern. *See Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information about the party's business operations and confidential and competitively sensitive information); *D'Aprile v. Unum Life Ins. Co. of Am.*, No. 209-CV-270-FTM-36SPC, 2010 WL 2509871 at *1 (M.D. Fla. June 18, 2010) (permitting the exhibit to be filed under seal because both parties consented to the sealing of the information and asserted the information to be sealed constituted a trade secret).

Therefore, Joby has established that filing the item is necessary, sealing the item is necessary, and that using a redaction, pseudonym, or a means other than sealing is unsatisfactory. *See* Local Rule 1.11(b) M.D. Fla.

Accordingly, Joby's motion to file the Motion under seal (Doc. 111) is **GRANTED**.[1] Joby is directed to file the Motion under seal by **December 3, 2025**. Absent a future order to the contrary, these documents will remain

---

[1] The court notes that an exhibit sealed in relation to a motion does not automatically remain sealed for the purpose of trial. Courts exercise discretion in determining whether sealed exhibits should remain confidential during trial. In *F.T.C. v. AbbVie Products LLC*, the court unsealed previously sealed documents after comparing the parties' interests and determining that the sensitivity of the information had diminished over time. 713 F.3d 54, 71 (11th Cir. 2013).

under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. *Id.*

  **ORDERED** in Tampa, Florida, on December 1, 2025.

<br>

AMANDA ARNOLD SANSONE
United States Magistrate Judge