UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AEROSONIC LLC,

     Plaintiff,

v.                                    Case No. 8:25-cv-554-VMC-AAS

JOBY AERO, INC.,

     Defendant.
_____/

## **ORDER**

This matter comes before the Court pursuant to non-party Archer Aviation, Inc.'s Federal Rule of Civil Procedure 24 Motion to Intervene (Doc. # 154), filed on January 28, 2026. Defendant and Counterclaim-Plaintiff Joby Aero, Inc. responded on February 11, 2026. (Doc. # 160). With the Court's leave, Archer filed a reply. (Doc. # 163). For the reasons that follow, the Motion is granted.

## **Discussion**

Non-party Archer, a direct competitor of Joby in the electric vertical take-off and landing vehicle market, seeks intervention in this action under Rule 24(a)(2) or alternatively Rule 24(b)(1)(B) "for the limited purpose of seeking a protective order to prevent the disclosure of its confidential and/or proprietary information." (Doc. # 154 at

2). Plaintiff Aerosonic LLC did business with both Archer and Joby. Joby has been permitted to seek discovery from Aerosonic concerning its sale of air probes to Archer and others, which Archer fears will reveal its trade secret and proprietary information to Joby. (Doc. # 136).

Archer previously moved for a protective order under Rule 26, but the Court denied that motion because Archer, as a non-party from whom discovery was not directly sought, lacked standing. (Doc. # 151). Thus, Archer seeks to become a party through intervention so that it may renew its motion for protective order. Joby opposes intervention. (Doc. # 160).

The Court grants the Motion under Rule 24(a)(2). That rule states that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right under Rule 24(a)(2), Archer must establish that "(1) [its] application to intervene is timely; (2) [it] has an interest relating to the property or

2

transaction which is the subject of the action; (3) [it] is so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [its] interest is represented inadequately by the existing parties to the suit." Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1512 (11th Cir. 1996) (citation omitted). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenor[] because it allows the court to resolve all related disputes in a single action." Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993). Here, Archer has satisfied all the requirements for intervention as of right.

First, Archer's Motion was timely. "In determining whether a motion to intervene was timely, [courts] consider (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances

3

militating either for or against a determination that their motion was timely." Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002). "[T]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted).

Archer filed its motion for protective order around three weeks after learning about the discovery requests in mid-December 2025. (Doc. # 138; Doc. # 160 at 4). Archer then filed the instant Motion only two days after the Court denied its motion for protective order. (Doc. ## 151, 154). Despite Joby's claims to the contrary (Doc. # 160 at 5-6), the Court does not believe that the limited intervention Archer seeks will prejudice Joby or delay discovery in this case. Discovery does not end until April 3, 2026 (Doc. # 136), leaving sufficient time for Archer to renew its request for a protective order before discovery ends.

Second, Archer "clearly [has] an interest in protecting the disclosure of [its] confidential, proprietary business information. Accordingly, such an interest is sufficient to

4

justify intervention under Rule 24(a)." Shire Dev. LLC v. Mylan Pharms. Inc., No. 8:12-cv-1190-CEH-AEP, 2013 WL 6858319, at *1 (M.D. Fla. Dec. 30, 2013); see also Northrop Grumman Info. Tech., Inc. v. United States, 74 Fed. Cl. 407, 414 (2006) ("Lockheed's trade secrets and proprietary information are the very type of interest the protection of which justifies intervention under Rule 24(a).").

Third, Archer has established that disposition of the action, as a practical matter, may impede or impair its ability to protect its interest in its proprietary material. "[I]ntervention of right must be granted when the applicant 'claims' that the disposition of the action 'may as a practical matter' impair its ability to protect its interests. To require any more from an intervenor than the potential for impairment would impose some sort of proof requirement that is not in keeping with construing [] Rule 24(a) in favor of intervention." Northrop Grumman Info. Tech., Inc., 74 Fed. Cl. at 416 (citations omitted). As Archer persuasively puts it, "Archer faces a substantial and immediate risk that its confidential information will be disclosed without any meaningful opportunity to protect its interests unless it is permitted to intervene." (Doc. # 154 at 7-8). This "fear of disclosure and conversion of trade

secrets on its face is a rational one." Northrop Grumman Info. Tech., Inc., 74 Fed. Cl. at 416. Without the opportunity to intervene and move for a protective order, Archer's proprietary information will be disclosed to at least one employee of its competitor Joby, Joby's in-house counsel. (Doc. # 160 at 7).

Finally, Archer has made the light showing that its interest may be inadequately represented by Aerosonic. "The Supreme Court has held that the inadequate representation requirement 'is satisfied if the [proposed intervenor] shows that representation of his interest "may be" inadequate' and that 'the burden of making that showing should be treated as minimal.'" Chiles, 865 F.2d at 1214 (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n. 10 (1972)). Thus, Archer "should be allowed to intervene unless it is clear that [Aerosonic] will provide adequate representation." Id. (citation omitted).

The Court appreciates that Aerosonic entered a confidentiality agreement with Joby to designate Archer's proprietary information as "attorney's eyes only." (Doc. # 160 at 2, 11). Nevertheless, given Archer's status as a competitor and its other pending litigation against Joby, Archer's concerns about the sufficiency of the

6

confidentiality agreement as drafted are not unfounded. Archer also correctly points out that "Aerosonic is not a competitor to Joby; [Aerosonic] bears no commercial risk if Archer's information is disclosed; and it has no incentive to litigate the competitive harm to Archer arising from that disclosure." (Doc. # 163 at 5). Archer has made the "minimal" showing necessary to satisfy this requirement.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Archer Aviation, Inc.'s Federal Rule of Civil Procedure 24 Motion to Intervene (Doc. # 154) is **GRANTED**. Archer Aviation has intervened in this action for the sole purpose of renewing its request for a protective order. It should renew its request promptly.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE