UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AEROSONIC LLC,

      Plaintiff,

v.                              **Case No. 8:25-cv-554-VMC-AAS**

JOBY AERO, INC.,

      Defendant.

_____/

## ORDER

Defendant Joby Aero, Inc., (Joby) moves on an emergency basis to overrule Plaintiff Aerosonic LLC's (Aerosonic) alleged belated privilege claims and to compel Aerosonic to produce certain documents Aerosonic has withheld due to its alleged improper privilege claims. (Doc. 204). Aerosonic responded in opposition. (Doc. 212-1).[1]

## I.   Background

Joby and Aerosonic are concluding fact and expert deposition discovery. The discovery deadline is April 3, 2026. Joby asserts the emergency basis for this motion is that Aerosonic belatedly claimed an improper privilege and

---

[1] Aerosonic's response has not been filed on the docket as of the time of this Order. Docket entry 212-1 is the response attached as an exhibit to Aerosonic's motion to file its response under seal. See Endorse Order at docket entry 214 requiring Aerosonic to file its response as a separate docket entry.

Joby's legal team has been instructed to stop access or review of the allegedly privileged documents and refrain from asking Aerosonic's witnesses and experts about the allegedly privileged material. Aerosonic's CEO and Aerosonic's technical expert will be deposed on April 2 and April 3, respectively.

Joby contends Aerosonic is improperly attempting to claw back and assert a privilege over:

> (1) two deposition exhibits related to Aerosonic's creation of alleged trade secrets for the purpose of suing Joby, (2) in depth testimony from multiple Aerosonic witnesses about those two deposition exhibits, and (3) Aerosonic witness testimony about a meeting between Aerosonic engineers to decide who should be listed as the purported creator of alleged secrets, and to compel production of additional related materials.

(Doc. 204, p. 2). The first two categories of information relate to a technical document concerning trade secrets and "critical dimensions," and an email between Aerosonic Vice President of Engineering Greg Van Bemben and Aerosonic engineers Rajeev Atluri and Anthony Nguyen relating to the "critical dimensions" document. Further, Joby argues that, even if the disputed material was privileged, Aerosonic has waived any such privilege.

Aerosonic counters that it properly clawed back the documents and testimony. Aerosonic argues the "critical dimensions" document, including the related email, and the meeting of Aerosonic engineers were created and

conducted under the direction of Aerosonic's former counsel. Consequently, Aerosonic argues "[b]oth the document and the meeting (and any documents stemming from that meeting) are clearly privileged and/or work product." (Doc. 212-1, p. 3). Aerosonic further argues it promptly clawed back the documents and testimony in accordance with the parties' ESI protocol. Joby disagrees.

## II.    Analysis

Federal Rule of Civil Procedure 502 governs the inadvertent disclosure of privileged material. Under Rule 502(b) inadvertent disclosure does not operate as a waiver if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B). Fed. R. Civ. P. 502(b).

Rule 502(e) also speaks to the effect an agreement between the parties has on inadvertent disclosure; it states, "An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order." *See United States v. DaVita, Inc.*, No. 617CV1592ORL37GJK, 2020 WL 12813697 at *1 (M.D. Fla. Aug. 4, 2020) ("Rule 502(e) 'codifies the well-established proposition that parties can enter [into] an agreement to limit the effect of waiver by disclosure

between or among them.'") (citing Fed. R. Civ. P. 502(e), Advisory Committee Notes).

The parties have entered an ESI Protocol and paragraph 24 of that ESI Protocol addresses the disclosure of privileged material. (Doc. 204-6, p. 14). Paragraph 24 states:

> 24. Non-Waiver of Privilege. The production of privileged or work product protected ESI, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protocol shall be interpreted to provide the maximum protection allowed by law. However, nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata), for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing herein shall limit the parties from arguing that any ESI or document is not in fact privileged. Rather, this paragraph is intended only to prohibit arguing that the ESI or document has lost its privilege due to production.

(Doc. 204-6, pp. 14–15). Significantly, "[w]hile the agreement is only binding on the parties, such agreement may provide greater protections than those found in Rule 502." *DaVita, Inc.*, 2020 WL 12813697 at *2, n.1.

However, a threshold matter is whether the "critical dimensions" document and related email (and resulting testimony about those documents and the meeting) is protected from discovery by the work product doctrine. *Liles v. Stuart Weitzman, LLC*, No. 09-61448-CIV, 2010 WL 11505149 at *3 (S.D. Fla. June 15, 2010) ("Before performing a Rule 502(b) analysis, however,

the Court must decide a threshold issue—whether the subject documents are protected by a privilege.").

### A.      Work Product Protection

Federal Rule of Civil Procedure 26(b)(3), sets forth the work product doctrine and states:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> 1. They are otherwise discoverable under Rule 26(b)(1); and
>
> 2. The party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3). "[W]ork product may be either fact work product, which protects information gathered in anticipation of litigation, or opinion work product, which consists of mental impressions, opinions, or legal theories." *Gualtieri v. TD Bank, Nat'l Ass'n*, No. 8:10-CV-1468-T-27TBM, 2011 WL 13302505 at *2 (M.D. Fla. Mar. 10, 2011). "Fact work product is subject to qualified protection and may be discoverable upon a showing of substantial need and an inability to obtain the substantial equivalent of the materials by other means without undue hardship." *Bingham v. Baycare Health Sys.*, No.

8:14-CV-73-T-23JSS, 2016 WL 1546504 at *4 (M.D. Fla. Apr. 15, 2016) (citations omitted). In contrast, "opinion work product enjoys a near absolute immunity and can be discovered in only very rare and extraordinary circumstances." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (citation omitted). "Once [the party who asserts the claim of privilege] has shown the application of the work product privilege, the burden shifts to [the other side] to demonstrate the existence of exceptional circumstances for the discovery of otherwise privileged documents." *United States v. Zahn*, No. 3:22-CR-23-BJD-MCR, 2022 WL 17811346 at *8 (M.D. Fla. Dec. 19, 2022) (citation omitted).

The "critical dimensions" document and related email qualify as fact work product because they were created at the direction of Aerosonic's former counsel. Likewise, the other documents related to the engineering meeting are fact work product because these documents were prepared to assist Aerosonic's former counsel in responding to Joby's interrogatory. However, the fact the engineer meeting occurred is not protected by work product doctrine.

### B.    Aerosonic Did Not Waive Privilege

As already stated above, parties may "enter into an agreement that limits the effect of disclosure of privileged information. Fed. R. Civ. P. 502(e). While the agreement is only binding on the parties, such agreement may

provide greater protection than those found in Rule 502." *DaVita, Inc.*, No. 617CV1592ORL37GJK, 2020 WL 12813697 at *2, n.1. The parties' ESI agreement explicitly states, "[t]he production of privileged or work-product protected ESI, whether inadvertent or otherwise, is not a waiver . . . in this case . . .this paragraph [the non-waiver of privilege paragraph] is intended only to prohibit arguing that the ESI or document has lost its privilege due to production." Therefore, Aerosonic has not waived any privileges through inadvertently, or otherwise, producing the "critical dimensions" document and related email to Joby. Further, Aerosonic's initial allowance of testimony as to the "critical dimensions" document before current counsel realized the document was protected by the work product doctrine was not a waiver of the protection. Upon discovering the circumstances of the document's creation, Aerosonic requested to claw back the document and testimony concerning the document consistent with Rule 502 and the parties' ESI protocol.

## C.   Joby's Substantial Need

Joby has demonstrated the "critical dimensions" document, including the email, and the engineering meeting, including the deposition testimony about the documents and the meeting, are well within the scope of discovery contemplated by Rule 26.  Joby also has shown it has a substantial need and an inability to obtain the substantial equivalent of the "critical dimensions"

document and the testimony concerning the same document (and related email) and the engineering meeting without undue hardship. Moreover, the discovery of the disputed documents and testimony related to those documents is not a fishing expedition. *See In re Seroquel Products Liab. Litig.*, No. 606MD-1769ORL-22DAB, 2008 WL 215707 at *3 (M.D. Fla. Jan. 24, 2008), *aff'd*, No. 6:06MD1769 ORL22DAB, 2008 WL 591929 (M.D. Fla. Feb. 28, 2008) (In deciding whether to order production of such privileged materials, courts have relied on a balancing test, considering three relevant factors: (1) whether witness "coaching" may have occurred; (2) whether the documents reviewed constitute "factual" or "opinion/core" work product; or (3) whether the request constitutes a fishing expedition.).

Specifically, Joby has overcome the qualified work product protection by demonstrating a substantial need to obtain (1) the presentation containing an image of Joby's probe presented by Mr. Van Bemden in the meeting, (2) all photos, videos, and other visual images of Joby's air data probe presented by Mr. Van Bemden at the meeting, and (3) all notes taken by the attendees of the meeting during the meeting, except any notes that reveal an attorney's mental impressions, opinions, or legal theories. Therefore, Aerosonic is compelled to produce these documents.

### III. Conclusion

Accordingly, Joby's Motion to Overrule Aerosonic's Belated Privilege Claim and to Compel Documents Related to Aerosonic's Creation of Alleged Trade Secrets is **GRANTED in part**. Joby may retain possession of the "critical dimensions" document and related email Aerosonic has already disclosed and may continue to inquire at the remaining depositions into the factual information concerning such documents and the engineering meeting. Aerosonic must produce the documents described in the three categories listed in the previous paragraph because Joby has made a sufficient showing to overcome the qualified fact work protection of these documents.

To the extent Joby seeks a finding of a broad waiver of privilege or to further compel any additional documents, the motion is **DENIED**. Further, this Order should not be interpreted to authorize Joby to inquire into Aerosonic's prior counsel's litigation strategy.

**ORDERED** in Tampa, Florida, on April 2, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

9