UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AEROSONIC LLC,

     Plaintiff,

v.                              **Case No.: 8:25-cv-554-VMC-AAS**

JOBY AERO, INC.,

     Defendant.

_____/

## ORDER

Defendant Joby Aero, Inc., (Joby) requests the following relief: (1) to compel Plaintiff Aerosonic LLC (Aerosonic) to produce responsive documents and communications allegedly withheld in violation of the court's order compelling production by February 6, 2026; (2) to order Aerosonic to confirm its interrogatory responses are complete; (3) to compel further deposition testimony to address documents contained in a late production and withheld information; and (4) for monetary sanctions. (Doc. 219). On May 8, 2026, Joby supplemented its motion to compel. (Doc. 258). Aerosonic responded in opposition. (Doc. 271).  Joby filed a reply. (Doc. 279-1).

## I.    BACKGROUND

This motion to compel is the last in a labyrinth of contentious discovery disputes. Joby alleges Aerosonic withheld and is withholding relevant

1

discovery in violation of court orders compelling discovery and setting production deadlines. Aerosonic claims it did not violate any court orders and appropriately supplemented its discovery production as its investigations identified further relevant documents to produce. Aerosonic further claims Joby's motion is rendered moot because nothing remains to be compelled, and discovery is complete. (Doc. 270, pp. 1–2). Joby disagrees in the reply. (Doc. 279-1).

The court held two discovery hearings; the first on December 16, 2025, and the second on January 14, 2026. Many of the issues raised in Joby's motion to compel refer to the February 6, 2026, production deadline set at the second hearing. Pertinently, the order memorializing the January 14, 2026, hearing stated the following:

> The court addressed the disputes relating to Aerosonic's interrogatory responses and request for production responses. Joby argued that given the upcoming expert disclosure deadlines, Aerosonic should be held to its responses and not permitted to further supplement its responses. In conformity with Rule 26(e)(A) of the Federal Rules of Civil Procedure, Aerosonic must be allowed to supplement its interrogatory answers (not objections) in a timely manner, if new facts are discovered that make the prior answer incomplete or incorrect. However, to curb the opportunity for gamesmanship and to help the parties meet their current case schedule (especially considering how many depositions the party indicated remain to be scheduled), it is necessary to set a deadline for the remaining productions of any document or tangible item (including the ESI productions). Accordingly, it is **ORDERED** that the document production deadline (including ESI production deadline) is **February 6, 2026**. A good-faith search and production

under the ESI protocol must be completed by this deadline. This February 6, 2026 production deadline also triggers a February 6 deadline after which further amendments or supplements to interrogatory answers will no longer be permitted (other than the correction of innocent or reasonable errors revealed due to the uncovering of newfound evidence that was not previously known or reasonably available for production) because all written discovery will have been produced no later than February 6, 2026. Importantly, this deadline is set to enable the parties to have finality with the pending large document productions; the deadline is not to be weaponized.

(Doc. 146, pp. 4−5).

## II.   ANALYSIS

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. Likewise, "[t]he moving party has the burden to make a prima facie showing that the opponent violated a court's discovery order." *Walker v. O'Calla-J Enterprises, Inc.*, No. 614CV450ORL31TBS, 2015 WL 12867059 at \*2 (M.D. Fla. Jan. 12, 2015). "Once the moving party satisfies its burden, the non-moving party must defend its failure to follow the order in question by showing that it was unable to comply with the court order after 'all reasonable efforts.'" *Newell v. Law Offices of Travis R. Walker*, No. 25-14017-CIV, 2026 WL 507533 at \*4 (S.D. Fla. Feb. 13, 2026), *report and recommendation adopted sub nom. Newell v. Law Offices of Travis R. Walker, P.A.*, No. 25-CV-14017, 2026

WL 509403 (S.D. Fla. Feb. 24, 2026) (quoting *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989)).

Under Federal Rule of Civil Procedure 37(b)(2)(C), if a party fails to obey a discovery order, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "'Substantially justified' means a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Tripp v. Holiday CVS, LLC*, No. 8:24-CV-2010-TPB-LSG, 2025 WL 2709876 at *1 (M.D. Fla. June 4, 2025) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The district court possess broad discretion to control discovery and impose sanctions. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

## A.    Joby's request to compel withheld documents

Joby alleges Aerosonic is withholding documents responsive to Requests for Production Nos. 2 and 28. (Doc. 219, p. 2). Aerosonic repeatedly argues there are no remaining documents to be compelled for production. (Doc. 271).

Joby's supplement, despite claiming to request no further relief, alleges deficiencies in additional RFPs, RFP Nos. 13 and 53, which are not directly addressed in the motion. (Doc. 258, pp. 6, 7). Broadly, the requests for

4

production request documents to determine whether and how Aerosonic protected their alleged trade secrets, especially when engaging with third parties.

Joby's request to compel Aerosonic to produce additional documents is **DENIED**. Aerosonic asserts there are no further documents to be produced. The extended discovery period is over and Joby failed to make a prima facie showing that Aerosonic has violated prior discovery orders. Even if Joby made a prima facie showing, the undersigned finds Aerosonic undertook all reasonable efforts to comply with the discovery orders. *See Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 618CV1823ORL31LRH, 2019 WL 5294943 at *3 (M.D. Fla. July 24, 2019) (accepting the plaintiff's statement that "it has provided Defendant all of the information it currently has" and acknowledging "a court cannot compel a party to produce what does not exist."); *see also Calhoun v. Volusia Cnty.*, No. 604CV106ORL31DAB, 2007 WL 1796259 at *2 (M.D. Fla. June 20, 2007) ("Taking counsel at her word that 'as of this date all documents requested by Plaintiff . . . have been delivered to Plaintiff'" and denying the motion to compel).

### B.    Joby's request to compel confirmation of interrogatory answers

Joby requests an order to compel Aerosonic to confirm its interrogatory responses are complete. (Doc. 219, p. 1). Interrogatory Nos. 7,10, and 12 are at issue. Interrogatory No. 7 requests, in part, for Aerosonic to "Identify all persons or entities with which Aerosonic has provided or exchanged (a) any Alleged Trade Secret, including portions thereof, (b) information relating to products that embody any Alleged Trade Secret." (Doc. 219, p. 11). Interrogatory No. 10 requests, "For each Alleged Trade Secret, identify all proposals, agreements, contracts, and deals with any third-party persons or entities concerning the Alleged Trade Secret or a product embodying the Alleged Trade Secret, or portions thereof." (*Id.*). Interrogatory 12 requests Aerosonic to describe the facts and circumstances related to its assertion that it destroyed the loaner probe. (Doc. 219, p. 16).[1]

The court ordered Aerosonic to provide supplemental responses to Interrogatories Nos. 7 and 10. *See* (Doc. 219, p. 12). At the December discovery hearing Aerosonic agreed to supplement its answers to Interrogatory Nos. 7 and 10. On December 16, 2025, the court ordered Aerosonic to provide full

---

[1] Aerosonic's supplemental response addressed Joby's concern regarding the loaner probe (Doc. 271, p. 17) and "Joby's expert flew down to Florida [the week of April 1, 2026] to inspect the loaner probe." (Doc. 219, p. 17).

answers to Interrogatory Nos. 7 and 10. Subsequently, Aerosonic supplemented Interrogatory No. 7.

Aerosonic failed to provide an answer to Interrogatory No. 10. (Doc. 219, p. 12). The court addressed Interrogatory No. 10 at the January hearing. The court narrowed and reformulated Interrogatory No. 10 to now ask "for the list of all entities (including consultants) that Aerosonic provided the Alleged Trade Secret or a product embodying the Alleged Trade Secret." (Doc. 146, p. 5). The court ordered the amended answer be provided to Joby by 5:00 p.m. on January 15, 2026. The January hearing also set a February 6 deadline after which further amendments or supplements to interrogatory answers will no longer be permitted (other than the correction of innocent or reasonable errors revealed due to the uncovering of newfound evidence that was not previously known or reasonably available for production) because all written discovery will have been produced no later than February 6, 2026.

Subsequently, on January 15, Aerosonic supplemented the answer to include additional entities that received alleged trade secrets. Now, after conducting additional discovery Joby questions the completeness of the Interrogatory answers.

Joby's request to order Aerosonic to confirm its interrogatory responses are complete is **DENIED**. Aerosonic asserts the responses are accurate and

complete and Aerosonic remains under the ongoing duty to supplement its responses. *See* Fed. R. Civ. P. 26(e) The court declines to order Aerosonic to confirm what it already asserts to be accurate and complete.

### C.    Joby's request for additional discovery

Joby requests leave for additional discovery. The request is **DENIED**. The discovery period is over, and no discovery violations occurred to justify an extension. Any further extensions will necessitate an undue delay of the remaining case management deadlines, including the looming summary judgment motions and rapidly approaching September trial calendar. Further, the parties agreed to supplemental discovery and the court cannot determine to what extent, if any, the supplemental discovery alleviates Joby's concerns. Allowing further discovery will divert the parties' necessary attention from briefing their summary judgment motions.

### D.    Joby' s request for monetary sanctions

Joby requests the following: (1) costs and fees for this motion as well as the prior motions motion to compel which resulted in the December 16 order, (2) costs and fees associated with Joby's expert witness Andrew Smith's travel and delayed inspection of the Loaner Probe; (3) costs and fees associated with any expert reports that Joby needs to supplement in light of delayed discovery production; and (4) costs and fees associated with the reopening or taking of

additional depositions.

Joby request for costs and fees is **DENIED**. The undersigned did not award fees for past discovery motions and declines to retroactively award fees. Moreover, the record does not demonstrate that sanctionable discovery violations occurred. The parties have each contributed to the highly contested discovery motion practice and the undersigned finds each party should bear their own fees.

## III.    CONCLUSION

For the reasons stated above Joby's motion (Doc. 219) is **DENIED**. The formal discovery period is over, and the court will not entertain further discovery motions. Today's case management conference will set the deadline for summary judgment.

**ORDERED** in Tampa, Florida on May 27, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

9