**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

|  |  |
|---|---|
| AEROSONIC LLC,<br><br>      Plaintiff,<br><br>v.<br><br>JOBY AERO, INC.,<br><br>      Defendant. | Case No. 8:25-cv-554 |

**DECLARATION OF JEFFREY A. PADE**

Pursuant to 28 U.S.C. § 1746, I, Jeffrey A. Pade, declare and state:

1.      I am an attorney at the law firm of Paul Hastings LLP, counsel for the Defendant in this action. I submit this declaration based on personal knowledge. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2.      On July 27, 2026, pursuant to the Court's Case Management and Scheduling Order (Doc. 37), I met in person in Tampa, Florida, with lead counsel for Aerosonic in this action. The Court's order requires that the parties make a good faith effort to settle the case and "thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and the other requirements of th[e] order." Doc. 37 at 6.

1

3.      Given the order, the first thing I did after greeting Aerosonic's counsel was to ask Aerosonic's lead counsel, Mr. Todd Tucker, to meet with me separately. Mr. Tucker and I went into another room, and I said that I had two separate items to discuss with him. I said the first item was a discussion of a potential "settlement of the action," which we proceeded to have. I did not mention the packing slip issue during this discussion.

4.      After concluding discussion on the subject of potential settlement, I told Mr. Tucker that the second item I wanted to discuss with him was Joby's concerns about the packing slip. I told him that we had put Aerosonic on notice multiple times through briefing, correspondence, and meetings, that the packing slip Aerosonic relied on before the Court is inauthentic and the record should be corrected. Mr. Tucker did not offer an explanation but listened to my concerns.

5.      I said we cannot wait on Aerosonic any longer and that we were going to file a motion for sanctions if it did not correct the record. I told him that we had a motion ready but would not file it before noon on Wednesday, July 29, to give Aerosonic a final opportunity to correct the record. Mr. Tucker asked me to send Joby's request in an email, which a member of my team did following the conclusion of the parties' conference. *See* Doc. 432-1 at 1-2.

6.      Mr. Tucker asked why Joby did not send to him a safe-harbor copy of Joby's sanctions brief. I replied that Joby was not moving under Rule 11, so there was no safe harbor requirement. Mr. Tucker then asked me to identify the basis for seeking sanctions.

7.    I explained that we know Aerosonic's version of the packing slip is not an authentic copy of the 2022 original and that my team has attempted to prove that fact to Aerosonic and its counsel. I also explained that Mr. Tucker and his team were nonetheless maintaining legal positions based on the inauthentic evidence. I also said I do not know if that is happening at the direction Aerosonic or if counsel is involved, but Joby has a duty to raise this issue with the Court if Aerosonic does not correct it. Mr. Tucker asked me to just assume it was counsel (I understood this to mean for purposes of our discussion, not as an admission that Aerosonic's counsel was responsible).

8.    I then said that Aerosonic's counsel is under an obligation to investigate and if Mr. Tucker and his team do not correct the record, then they are putting me in an uncomfortable position because I think that would result in a fraud on the Court that justifies sanctions. I told him that I believe courts hate motions like these and that I was really trying to avoid it. Mr. Tucker asked me for the number of the ethical rule, and I said I did not recall the specific number off hand.

9.    I then told Mr. Tucker that if Aerosonic's counsel does not investigate or does not correct the record in view of the discrepancies between the two versions of the packing slip , then I think they will have committed fraud on the Court and that I would be ethically required to report that misconduct to the Florida Bar. I explained my belief that unlike some other states, Florida's ethical rules seem to make reporting mandatory. I told Mr. Tucker at least twice that this is not and should not be taken as a threat, that I was really trying to avoid this result. I urged him to investigate and

correct the record because, as I stated to him, I hated pursuing issues like these and I believe courts hate it even more. I was genuinely trying to give him one more opportunity to fix the record.

10.    Mr. Tucker did not say much in response, so the discussion between us ended there. We went to the other room and collectively discussed the remaining pre-trial items required by the Case Management and Scheduling Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C., on July 31, 2026.

/s/ Jeffrey A. Pade
Jeffrey A. Pade
