**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

AEROSONIC LLC,
Plaintiff,

v.

JOBY AERO, INC.,
Defendant.

Case No. 8:25-cv-554-VMC-AAS

**DEFENDANT JOBY AERO, INC.'S
STATEMENT OF ORAL RULE 50(A) MOTION FOR RENEWED
JUDGMENT AS A MATTER OF LAW AND ADDITIONAL GROUNDS**

Pursuant to the Court's guidance during trial proceedings on October 1, 2026, Joby renews its prior JMOL motion on all the grounds previously raised and respectfully further submits this statement of oral motion for judgment as a matter of law in favor of Joby and against Aerosonic on Joby's First and Second Counterclaims, on Aerosonic's affirmative defenses to those Counterclaims, on Joby's affirmative defenses, and on damages on the following additional grounds:

## I. GROUNDS:

### A. Joby's First Counterclaim

**1)** No reasonable jury could find that Joby failed to prove that it bought the air data probes from Aerosonic and that Aerosonic was in the business of selling such goods because Aerosonic admits that it sold ten SLZ8400 probes to Joby.

**2)** No reasonable jury could find that Joby failed to prove that the probes were not fit for the ordinary purposes for which air data probes are used, were not of a quality generally acceptable in the trade, and were not suitable for Joby's particular purpose because the undisputed evidence showed that the outer sleeves of two Aerosonic probes detached from their proper position during pre-flight testing on Joby's aircraft.

**3)** No reasonable jury could find that Joby failed to prove that Aerosonic knew or had reason to know of Joby's particular purpose and Joby justifiably relied on Aerosonic's skill and judgment because Aerosonic quoted and sold its off-the-shelf probes after the parties' September 2021 technical meetings in Clearwater for the specific purpose of installation on Joby's eVTOL flight-test aircraft.

**4)** No reasonable jury could find that Joby failed to take reasonable steps to notify Aerosonic within a reasonable time because Aerosonic admits that Joby gave Aerosonic written notice of breach on June 5, 2025, and Aerosonic offered no trial evidence that the timing deprived it of any opportunity to inspect or cure; Aerosonic never offered to cure.

**5)** No reasonable jury could find that Joby failed to prove harm and that the probes' defects were a substantial factor in causing that harm because the undisputed evidence showed that the detachment caused significant disruption to Joby's flight testing.

**6)** No reasonable jury could find that Joby failed to prove its damages for this breach of implied warranty with reasonable certainty.

**7)** Aerosonic has offered no evidence that could defeat the First Counterclaim as a matter of law based on any warranty disclaimer, condition precedent, or other term in Aerosonic's own terms and conditions.

**B. Joby's Second Counterclaim**

**1)** No reasonable jury could find that Joby failed to prove that the parties entered into a valid, binding, and enforceable NDA because Aerosonic has admitted the existence of such valid, binding, and enforceable NDA.

**2)** No reasonable jury could find that Joby failed to prove that it performed at least substantially as required by the NDA because the evidence shows Joby committed in writing to return, and searched for, identified, removed, and returned, all of Aerosonic's Proprietary Information covered by the NDA.

**3)** No reasonable jury could find that Joby failed to prove that Aerosonic did not substantially perform as the NDA required.

**4)** No reasonable jury could find that Joby failed to prove Aerosonic's breach caused it harm because the record shows Aerosonic retained Joby's Proprietary Information and used it without consent for a purpose not permitted by the NDA.

**C. Aerosonic's Affirmative Defenses**

**1)** No reasonable jury could find that Joby's equitable claims are barred by waiver, estoppel, laches, or any other equitable doctrine.

**2)** No reasonable jury could find that Joby's equitable claims are barred by unclean

hands or that Joby wrongfully retained Aerosonic's Proprietary Information, misrepresented the purpose for which it sought to use the purchased probes or accompanying information, or damaged the purchased probes.

**3)** No reasonable jury could find that Joby's claims are barred by the competition privilege or that Aerosonic acted in fair competition or good faith.

**4)** No reasonable jury could find that no contract exists between Joby and Aerosonic or that any contract bars Joby's claims.

**5)** No reasonable jury could find that Joby's breach claim is barred because Joby's conduct is inconsistent with the NDA.

**6)** No reasonable jury could find that Aerosonic complied with its contractual duties under the NDA or any other contract between the parties.

**7)** No reasonable jury could find that Joby failed to mitigate its damages or that its damages are speculative.

**D. Joby's Affirmative Defenses**

**1)** Joby has proved waiver, estoppel, and laches as a matter of law because unrebutted evidence showed that Aerosonic knew that Joby purchased air data probes to mount and install on aircraft being used for flight testing, including in plain view of third parties.

**2)** Joby has proved unclean hands and in pari delicto as a matter of law because record evidence shows that Aerosonic misused Joby's Proprietary Information and misappropriated Joby trade secrets in violation of the NDA for a purpose

other than evaluating a business relationship, and further shows that Aerosonic has manufactured trade secrets, fabricated evidence to support its claims, pursued claims having no factual basis, and spoliated evidence.

**3)** Joby has proved as a matter of law that Aerosonic's claims are barred by the competition privilege and that Joby at all times acted in the context of fair competition and in good faith.

**4)** Joby has proved Aerosonic's failure to mitigate damages as a matter of law because the evidence showed that Aerosonic waited nearly two years after negotiations ended before requesting any return of information, did not take down access to Dropbox containing its alleged Trade Secrets and Proprietary Information until after filing this lawsuit, and it declined Joby's offer to identify and quarantine all Aerosonic documents other than the purchased probes and information.

**E. Other**

**1)** No reasonable jury could find that Aerosonic is entitled to any damages for breach of the NDA or misappropriation under the DTSA, including because Aerosonic has offered inconsistent damages theories, such as, for example, losses into perpetuity plus unjust enrichment and 10-year losses plus unjust enrichment.

**2)** Aerosonic has offered no evidence that its causes of action for breach of contract and misappropriation of trade secrets result from distinct overarching facts, and therefore has failed to show that its damages for misappropriation and damages

for breach do not overlap and result in impermissible double recovery.

**3)** Aerosonic has offered no evidence that it would have suffered an indirect financial loss in the form of lost profits due to the alleged breach of the NDA or that such lost profits were reasonably foreseeable or known by both parties at the time the NDA contract was formed.

**4)** No reasonable jury could find that Aerosonic proved breach of the September 24, 2021 NDA that superseded the September 21, 2021 NDA.

**5)** Joby has proved that Aerosonic has brought its breach of the NDA and misappropriation under the DTSA claims in bad faith by claiming breach and/or misappropriation as to alleged Proprietary Information and/or alleged Trade Secrets that no evidence shows Joby used, that Aerosonic never conveyed to Joby, that are in the public domain, that no evidence shows Aerosonic owns, and that were embodied in probes that Joby purchased.

**6)** Plaintiff has offered no evidence that alleged Proprietary Information No. 31 either (1) is or was disclosed to Joby in tangible form and was conspicuously marked "Confidential," "Proprietary" or the like, (2) is or was disclosed in non-tangible form and identified as confidential at the time of disclosure, or (3) its nature and/or manner of disclosure are such that a reasonable person would understand it to be confidential.

Joby renews and incorporates the grounds raised in its Rule 50(a) motion at the close of Aerosonic's case-in-chief and respectfully requests that the Court grant it

judgment as a matter of law on those and the above grounds.

Dated: October 2, 2026

Respectfully submitted,

*/s/ Mark Thomas Smith*
Mark Thomas Smith

Paul Thanasides
Florida Bar No. 103039
**MCINTYRE**
1228 E. 7th Ave. Suite 100
Tampa, FL, 33605
paul@mcintyrefirm.com
clservice@mcintyrefirm.com

Naveen Modi, *PHV*
Jeffrey A. Pade, *PHV*
Joseph Palys, *PHV*
Sripriya Narasimhan, *PHV*
David Valente, *PHV*
Vladimir J. Semendyai, *PHV*
Alexa Lowman, *PHV*
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
naveenmodi@paulhastings.com
jeffpade@paulhastings.com
josephpalys@paulhastings.com
sripriyanarasimhan@paulhastings.com
davidvalente@paulhastings.com
vladimirsemendyai@paulhastings.com
alexalowman@paulhastings.com

Rob Unikel, *PHV*
Mark Thomas Smith, *PHV*
Summer Stevens, *PHV*
**PAUL HASTINGS LLP**
71 S Wacker Drive, Suite 4500
Chicago, IL, 60606
Telephone: (312) 499-6000

robertunikel@paulhastings.com
marksmith@paulhastings.com
summerstevens@paulhastings.com

Richard Rothman, *PHV*
Josh Lopez, *PHV*
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY, 10166
Telephone: (212) 318-6000
richardrothman@paulhastings.com
joshlopez@paulhastings.com

Eric Lancaster, *PHV*
**PAUL HASTINGS LLP**
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1860
ericlancaster@paulhastings.com

*Counsel for Defendant*

**Certificate of Service omitted pursuant to Fed. R. Civ. P. 5(d)(1)(B).**